Please call the first case. The first case this morning, 512-0421-WC, Ola Winchester v. Workers' Compensation Comm'n, Earnest Gates, Appalachia. Mr. Keith, you may proceed. Please support Mr. Keith on behalf of Respondent Employer Council. The facts of this case are very tragic. A man getting up in age, 62 or 63 years of age, on July 15, 2009, is crossing a public street. Let's take it easy on how up in age that is. I'm sorry, sir. I said let's take it easy on how up in age that is. Working age, I'm sorry. Nearing retirement, is crossing a public street from a company-owned parking lot into the factory within a crosswalk. He is struck by an uninsured motorist, suffers severe injuries. And unfortunately, at the time of arbitration, was not yet a maximum medical improvement. The case was tried as a 19B. The arbitrator in the case found a work-related accident. That case was then appealed to the commission, who reversed 3-0, finding that the act of crossing that public street in a crosswalk was not a work-related accident. The primary issue, I think, chronologically would be jurisdiction. I think that is a very critical issue. As a threshold question, if the proof of the payment for the record costs was filed after 20 days, how do we get jurisdiction? I'm sorry, sir. I could not hear you. Was the proof of payment for the probable cost of the record filed after the 20-day statutory period? Yes, sir. No question about it. In that case, then, how do we get jurisdiction? I do not believe you do have jurisdiction. I believe that in order for that to occur, for the circuit court to have dismissed my motion to quash, for it to come here on the workers' compensation merits, basically three things would have to happen. You would have to file the summons, you would have to pay for the record, and you would have to demonstrate payment of that record and or the affidavit. In order for the jurisdiction to be here on the merits of this case, all three of those would have to happen within the 20 days. Now, could we agree there was a timely filing of the request for the summons, correct? Yes, sir. That was filed timely. That's not an issue. That's not an issue. The thing that could not be refuted, and I think is admitted in brief, is the date at which the record was paid for was April the 1st. That takes it to, I believe, 30 days. The actual filing of the receipt, signed by the commission and the secretary of the commission, is mailed at 30 days, 38 days, something like that. It could not have been received by the circuit court in Madison County until the 38th or 39th day, because the proof of service placed into the US mail, I believe, was on a Friday. And that's at about 35, 36 days. So I do not believe that it could be. Is there any flexibility on this rule? I mean, I'm anticipating opposing counsel is going to say, why do we have to exalt form over substance that got paid? So what's going to be your response to that? Sure. Certainly, the court is not rigid, and it's not myopic in the way that they look at things. This is a statutory appeal. And the act, in and of itself, states that those things are necessary. Time after time after time, this court and the Supreme Court, starting with Lewis Jones and the subsequent cases over the course of the last 20 years or so, has made it perfectly clear. The summons must be filed. And the probable cost for the record must be paid, and it must be filed within the 20. If anything else, you at least, I think, if you're going to even read the law with a bit of an open mind, have to pay for it within the 20 days. Understanding there are cases wherein it was paid, and perhaps a clerk misinformed the lawyer, perhaps they had to make a call to confirm that it was done. But the fact is, it was paid, and the circuit court knew it was paid before it accepted it. Your position is very simple. There are statutory prerequisites. This is one of them. If it's not met, we simply have no jurisdiction, period. There's no exceptions. Yes, sir. That would be my position with these facts when we understand when it was paid for, when it was mailed, and when it was accepted by the court. Because understanding, of course, that one of the arguments made in the brief, and one of the arguments made by the circuit judge is there was really no danger that the commission wasn't going to be paid. I understand that. I'm not saying he was going to fail to pay for the record. But the fact of the matter is, the statute and the legislature prepared that section of the act specifically to protect that from occurring. The fact that they were going to likely pay the $35, it seems to me, is not what the intent was of the act. It says, if you're going to take the case to the circuit court, if you're going to have the opportunity to leave the workers' compensation arena, in other words, the commission, you must satisfy these elements. Now that you're addressed there, let's talk about another potential jurisdictional impediment. It's my understanding that the circuit court here reversed the commission's decision and remanded the matter back to the commission. Is that correct? Yeah, in terms of whether or not the case was going to be compensable and then, presumably, found to be on other matters. Well, he found that he was injured out of him in the course of his employment, reversed the commission, and sent it back for further proceedings. Is that a final order? On that specific issue? Is it a final order at all? I think that it is on whether or not it's a work-related action, because I think that's Once it's remanded back to the commission for anything other than simple mathematical computation, it's not a final order. And the cases are very clear on that. So now the question becomes, where do we get jurisdiction to hear your appeal? On the issue of accident? No. Where do we get the jurisdiction to hear your appeal at all? You can only appeal to us from a final order. Now, there's no question you get a crack at this order that he entered. When the commission enters its new order, you take that to the circuit court, and he either affirms it or reverses it. It's ultimately going to get up here. And we get to look at the first order as to whether we properly get jurisdiction. But the question really is, where do we get jurisdiction to hear this appeal? It seems to me, Your Honor, that if the circuit court reversed the commission on the issue of accident, you would have the jurisdiction. You're absolutely wrong. Don't even go down that road. You are wrong. If he reversed it on the accident and sent it back for further proceedings, it is not a final order. Cases are very clear on that. So now the question becomes, where do we get jurisdiction to hear an appeal on the question of whether he had jurisdiction to enter the order in the first instance? It's a good question, isn't it? Yes, sir. Yes, sir, it is. There's absolutely no question. Judicial economy says, if we get rid of this now, we save you both a heck of a lot of expense if we agree with you. Because the only thing we're going to do then is just vacate his order for wanted jurisdiction and reinstate the commission's decision. But if we don't have jurisdiction to do that, I guess you've got to go through a lot of expense for nothing. On a preliminary matter, it seems to me that you would have the jurisdiction on whether or not the circuit court had jurisdiction. I could not take that back to the commission. No, no. I think what Justice Hoffman is trying to say is that we're not even sure we've got jurisdiction here to hear your argument right now. Because in effect, he reversed the commission order, circuit judge, sent it back for further proceedings. We couldn't hear that. You couldn't appeal from that decision. And procedurally, the issue you're raising right now would come up after the commission and the circuit court reviews. You're appealing from that decision on the basis that the circuit judge had no jurisdiction to enter that order. That's your appeal. My initial appeal for this is that he did not. Exactly right. That his order is void because he had no jurisdiction to enter it. So you're in essence appealing from his order on a jurisdictional argument. We understand that. But his order was not a final order. And we can only hear appeals from final orders. So as long as he remanded that thing back to the commission and told the commission the injury occurred out in the course of his employment and further proceedings, they've got to determine TTD, PTD, whatever else they're going to determine, medical, et cetera and so on. That's not a mathematical computation. So he has not entered a final order. So I'm back to my first question. From whence comes our jurisdiction? Is it possible that he did issue a final order on the issue of jurisdiction pursuant to the act? In other words, and I understand at the end, but in that order, it states halfway through when he addresses that issue, my decision is respondent or the employer's motion to quash is denied. It seems to me that element, Your Honor, would be a final. But you can't take piecemeal appeals because if he remands it, he's remanding the whole case. On that issue of accident. But you can't take piecemeal appeals, can you? Well, your position is that he didn't have jurisdiction to enter the remanding order. Yes, sir. That's the thing. And that's the initial question. And that's the initial question, is if he didn't have jurisdiction to even find whether or not there was a work-related accident. In other words, whether or not the commission decision was against a manifest way. The question is, is the denial of a motion to quash for lack of subject matter jurisdiction a final order? If the answer to that question is yes, we have jurisdiction, if the answer to that question is no, we don't. I think that that motion. Go ahead and ease it. Yes, sir. I think that you do. Yes, sir. I mean, I think that you do. I can continue with that argument. I don't want to continue with the accident argument if you do not want to hear it. Do not want to hear it. The accident argument is eroded. Continue with what you have to say on that first issue. But again, going back to the original issue of the jurisdiction, I think that it is purely a statutory opportunity to even get to the circuit court. Those specific requirements have to be satisfied. The notion that payment within 60 days of when the summons would be filed, I don't think that that's satisfied. Those numbers are discussed in dates in that section of the act. But I do not believe that that is the element to which you would determine if jurisdiction would have been proper in the circuit court to begin with. If there's no other questions, I will thank you. Thank you, counsel. Mr. Forbes, you may respond. Thank you, counsel. I'm Robert Forbes. I represent petitioner debates in this matter. Initially, I don't necessarily dispute the court's suggestion that this court lacks jurisdiction to hear this appeal because of its lack of finality of the judge's order. As the court pointed out, this matter did. The court ordered this matter to be remanded to the commission for additional determinations. And even though that's not an issue that I raised in response to the appeal, I believe it's a valid point that there's a question as to whether or not the status of the case at this juncture gives rise to a finality and a basis for appeal. Well, obviously, that's a preliminary question we have to decide. But while you're up here, I am curious, how do you get around the statutory clear prerequisite that you've got to zip a proof of the payment of probable cost of the record within 20 days when you're not disputing it actually wasn't tendered? No, I'm not. So how do you get around that? Well, as the trial court explains in a very detailed discussion of this issue, the Supreme Court case in Jones versus Industrial Commission ruled that substantial compliance with that element of the process is sufficient. Yeah, but Jones is clearly distinguishing. In all candor, let me suggest this. In Jones, both of the statutory prerequisites were met within a 20-day period. The request for summons was filed within 20 days. The proof of payment of the probable cost of the record was filed within 20 days, albeit after they had requested the record or the notice of summons. So they woke up. But the argument there is they actually complied with both statutory prerequisites within 20 days. So the court there wasn't going to involve foam over substance because they did both. Here, one of these statutory prerequisites was not met within the 20 days. So I think that's distinguishable from Jones, isn't it? Well, I would disagree because the Supreme Court made it clear in Jones that what was determinative was not the fact that the proof of payment was filed or the payment was made within 20 days. What the Supreme Court went into great detail in discussing was the determinative factor was the fact that the payment was made more than 10 days prior to the return date, thereby eliminating the possibility that the commission would be obliged to prepare a record prior to being paid for that preparation. The court never says, here's what is determinative here, the fact that payment was made within 20 days. Well, let me ask you this. So what is the rule that you gleaned from Jones? You can exhibit this proof at any time, 20, 30 days late, and it's OK? What I gleaned from Jones is that the triggering jurisdictional factor is the request for summons within 20 days, which was done here. There's no specific reference in the statute to the filing of the receipt for payment of cost within 20 days. What the statute says is summons shall not issue until the proof of payment has been filed. So that necessarily would flow that if the clerk is doing what he's supposed to do, he's not going to file a request for summons within 20 days. He's not going to issue that summons until he's paid. What happened here in Jones and some other cases is the clerk went ahead and issued the summons before payment was made. The argument is that's not a valid summons, even though it was paid, the court lacked jurisdiction, et cetera. So the second element of the proof of the payment is the self-correcting. You're saying that if somebody wakes up six months later, that's OK, because the only harm is you just don't get your summons issued. No, I'm not saying that at all. I'm saying what the Supreme Court said is, and the language it used was, that although the summons in the insta-case was issued before payment of cost was exhibited to the clerk of the circuit court, the purpose of relieving the commission of administrative inconvenience was nevertheless met. The return date on the summons was December 24, or five weeks after the record was paid for. By statute, the commission must be given a minimum of 10 days to prepare the record for appeal. Accordingly, because the cost of preparing the record was paid to the commission well in advance of the return date, we can conclude that the commission was never placed in the position where it was forced to contest the summons because the cost of preparing the record had not been paid. We hold, therefore, that under particular facts of this case, where in its reasoning explanation, the cost of preparing the record was paid well in advance of the return date, the petitioner satisfied the material provisions of the statute. Well, in Jones, however, the record was paid for within the 20 days. That's correct, Your Honor. But the Supreme Court in no way suggested that was the determinative factor. It would not have gone through this explanation. It would have simply said, it was paid within 20 days. That's substantial compliance. It defines substantial compliance in this detailed discussion as a payment in advance of the return date, where you have triggered the jurisdictional element by filing the request for summons within 20 days. Here, the payment was made on April 1st. Return date was May 2nd, identical to the Jones case. Well, it's not identical because in this case, the record was not paid for within the 20 days. And in Jones, it was. And they said under the particular facts of this case. Correct. So there we are. The issue in Jones is, what is substantial compliance with that payment requisite? The Supreme Court says substantial compliance is all that's required. Did they use that language? Or is that your interpretation? They used the interpretation. They said substantial compliance, quote unquote, is all that's necessary? Yes, they did. They said, they discussed that historically, there has been a requirement for strict compliance. However, they indicate that, however, when the timely initiation of the appeal process has not been an issue, this Court has held that substantial compliance with the precepts of 19F is sufficient to best serve the Court with jurisdiction. And then it goes on to, and then the dissent discusses how the Supreme Court has now adopted this substantial compliance approach to satisfy that jurisdictional issue. And then the Court, what is significant is that the Court discusses then what is sufficient here to satisfy these statutory requirements. And it would have not needed to discuss whether the return date, the 10-day requirement for preparation, time for preparation of the record, or any of these other matters. It simply would have said, actual payment within 20 days is sufficient without proof. It did say in this particular case that's what happened. But it went on to say, here's the reasoning behind our decision. You have to have 10 days to prepare the record. And it's substantial compliance if that payment is made in advance of that requirement. And it's in its decision. The trial court made a specific detailed discussion in reference to the language and the approach the Supreme Court took to that issue. And it would make no sense to discuss and explain that here's why we're doing this if that were not the basis for the Supreme Court's decision. So in all of this, what are you requesting us to do today? What relief are you seeking here? Well, the relief I'm seeking is that the trial court's decision be affirmed. I thought you indicated that you've acquiesced in the fact that there's no jurisdiction. Well, I don't dispute that, that there's an issue as to whether or not this court has jurisdiction. That is not an issue that was raised on appeal. And I haven't sufficiently briefed on it. OK, so you'd like us to affirm the circuit court, but your fallback position is we have no jurisdiction. Plan B would be that you have no jurisdiction. Plan B. Is there a plan C? Not yet, Your Honor. I know what you're letting yourself in for with plan A. You're letting yourself in for a full trial before the commission still has the right to come back and question the court's jurisdiction under the order sending it back to the commission in the first instance. He still retains his lack of jurisdiction argument. It's going to raise its ugly head after the commission hears the case. Because when it comes back on remand, when it comes back from the commission and goes to the circuit court, we have to review the first order that was entered before we review anything else that happens. So he retains his argument. You don't want to try in this case with him with a jurisdictional argument in his back pocket. Could be the time bomb, yeah, the ticking time bomb. Well, if the order's not final, then it would have to go back to the commission for further hearings, at which point it would become a final order, then appealable to the circuit court. And then appealable again here, and the first thing we get to hear is that the circuit court never had jurisdiction to send it back to the commission in the first instance. If that's the case, we vacate everything that occurred after the commission said your client gets nothing. Right, but it wouldn't define the order. The issue of the receipt for costs or whatever would no longer be an issue. Oh, it certainly would be. We wouldn't even reach that. We would never reach it. We wouldn't reach it until after you try the case the second time. It is as though you never were here, and the issue is still laying out there. So that's what I was saying, what you were here. And you had the tape of your argument. Well, my comment on that was that, yes, I recognize that as an issue. I'm not requesting that relief. I haven't raised that as an issue in my brief. But my position is that, given the Jones case, the trial court should be affirmed on that issue. And that's my position of record. If you had a choice, would you choose to have this issue determined now, have that trial court's denial of the motion to quash be considered a final order? Yes, I would. That's why I'm here, and that's why the status of the case is what it is. Well, in answering that, you understand very clearly it's indisputable under the law. Nobody can confer jurisdiction on the court, even if the two of you said we had jurisdiction. I understand that. And I believe this court does have jurisdiction. I wouldn't have argued that otherwise. And I believe the Jones case makes it clear that when the request for summons is timely filed, and the costs are paid a month ahead of the return date, it conferred jurisdiction in Jones, and it conferred jurisdiction in this particular case. I guess we're not going to discuss the other one. Counsel, you may reply. Thank you. On the specific issue of subject matter jurisdiction with the payment for the record, Lewis Jones and all of the subsequent cases do discuss a substantial compliance argument. However, to get to that, and I don't want to use the word crutch, but I mean to get to that option, it seems to me the triggering event to even have that considered is that the core requirements be satisfied. And this court and the Supreme Court has both stated on numerous occasions that one of those core triggering events would be obviously filing the summons, obviously paying for the record, and obviously producing the evidence that it was done. So I don't think you can get to the substantial compliance. In other words, you can't get that door open until you have the key. And the key is to actually pay for the record. You're not allowed to argue, I don't believe, substantial compliance without that. Well, pay for the record when? Before the 28th? Yes, sir. Yes, sir. What's within the statute? And what's within the cases that have set forth that that is a requirement? So let me ask you a very pointed question. He's relying on Jones. Has the Illinois Supreme Court ever held there was jurisdiction when the payment was not exhibited within the 20 days? I believe in the- In Jones it was. Both statutory preferences were made, although not at the same time. We recognize that. He's got the interpretation and it turns on the return date. You're asking whether or not either this court or the Supreme Court has held that when the payment was, all the requisites were made, one of which was outside the 20 days, the court had jurisdiction. I was under the impression that Esquivel, I'm sorry. Esquivel? Yes, sir. Esquivel? I'm not pronouncing that correctly. I thought that the payment, or the evidence of payment, did not demonstrate until after the 20. In other words, that the summons had been filed without the record yet having been made. But wasn't there a contest about when it was filed, though? On that particular one, there was. There was a five and a half or six months. I mean, I felt that more on point was Lewis-Jones because of the timing of it. That case did offer some. Let me ask a more point. Are there any cases that say, it is undisputed in this case that the proof of the payment was made after 20 days. We excuse that because there's been substantial compliance. No, sir. Do you have a case that says anything like that? No, sir. No, I see nothing to that effect. I see nothing to that effect. In terms of the jurisdiction to hear it by this court, a motion was filed to Quash. And that specific motion was ruled upon. I believe that this body would have the right to decide on that issue because there was a specific motion that was filed and it was ruled upon. That would be my response. But we have the jurisdiction to decide there was no jurisdiction. That's what's nagging you, right? Well, we have the jurisdiction to decide whether or not the judge or the circuit court had the option to even remand the case to begin with. Yes, sir. If the circuit court did not have subject matter jurisdiction, its decision is void. Yes, sir. And a void order can be challenged at any time on collateral attack or direct appeal. Yes, sir. That's why I think that this court would have that, would have the opportunity to rule. Thank you. OK, thank you, counsel, both for your arguments. This matter was taken under advisement and written disposition, so I'll issue.